UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 KIMANI HARDGE,

        Defendant.
_____/

Case No. 2:08-cr-20487-1

HONORABLE STEPHEN J. MURPHY, III

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KIMANI HARDGE,

        Defendant.
_____/

Case No. 2:08-cr-20488-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE [118; 74]**

Defendant Kimani Hardge moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in the above cases.[1] Defendant argued that the Court should reduce his sentence because he is concerned about suffering from health complications if he contracts COVID-19. ECF 118, PgID 662, 664. The Government responded that Defendant's concerns do not warrant a sentence reduction as an

---

[1] Because the motions are identical, the Court will, for simplicity, cite the filings on the 08-cr-20487-1 docket.

1

"extraordinary and compelling reason" under the First Step Act. ECF 120, PgID 746, 762–63. The Court agrees and will deny the motions for that reason.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release, ECF 120, PgID 762, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). The Sixth

Circuit has held "that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Because Defendant is fully vaccinated against COVID-19, ECF 121-2, PgID 825, 842 (under seal), Defendant's COVID-19 concerns are therefore not "extraordinary and compelling." As a result, the Court will deny the compassionate release motions.

**WHEREFORE**, it is hereby **ORDERED** that the motions for compassionate release [118; 74] are **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 19, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 19, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager